Good morning, Your Honors, and may it please the Court, my name is Nathaniel Derman and I am appearing on behalf of the petitioner, Ricardo Lopez-Villa. The petitioner in this immigration case brought a number of challenges to the Board's decision finding him convicted of an aggravated felony, both for removability and eligibility for relief purposes. But given limited time for oral argument, the petitioner would ask that the Court focus its inquiry on the question of divisibility, because even assuming, without conceding, a valid statute of conviction for the trafficking and cocaine offense under Idaho Code Section 3727.32b.a.2.a, under Mathis, that code section... So even conceding, you're not saying it's true, but you're conceding for argument? Not conceding, just assuming for the sake of argument. And so... I think you're good to go there. Let's hear what you've got to say. And so following Mathis, that is an overbroad statute and an indivisible statute. But the petitioner... Why indivisible? It's not divisible because Mathis teaches us the new framework, not a new framework, but a clarified framework for determining divisibility, and we start with state case law. Well, we've said, we've talked about this pretty carefully too, and we suggest that we look at the records of conviction first. Let's look at the documents. Yes. And if I look at the indictment, the indictment seems to suggest it's divisible. It only suggests knowingly delivered, doesn't list any other alternative elements. The other elements absolutely could have been suggested following the statute, but it went right to delivery. So it was really saying there are more than one element. I understand, Your Honor. Mathis clarifies that the order of events that peak at the Shepard documents is a third step after consultant state law. Well, let's go to the jury instructions. We go to the jury instructions. We have to, under Idaho law, choose possessed or manufactured or delivered. They pick delivered. That says that they added a divisible statute. I would respectfully disagree, Your Honor. Bracketing in jury instructions does not necessarily indicate a requirement for jury unanimity. But if you read the jury instructions in Idaho and they bracket it, it says you've got a pick one of those under which to go. Well, you could pick one and it could fit in with a theory of a factual basis for a prosecutor's case without being an element that a jury must unanimously decide. And I would note that the jury instructions conspicuously omit the conduct referred to as bringing a particular substance into the state. Well, I think that's a great thing for you to argue about. But I think that goes back to whether we can really convict or we can really apply it. Because if I can get to the modified categorical approach, which is where I'm going, if I'm going to say it's divisible, I'm going to say they ought to look at the documents, then it seems to me your argument about intent and all of that stuff makes it such that I cannot say, looking at the documents, that he was convicted of an aggravated felony. Mathis teaches us that recourse to the Shepherd documents is for the sole and limited purpose of determining what elements are, because the categorical approach is a search for elements. The fact that a prosecutor happened to select delivery in this instance does not necessarily tell us that delivery is an element. Moreover, in Mathis and this court in Almanza Arenas, in footnote 13, cautioned about reaching a conclusion based solely on Shepherd documents. I understand. That's why I didn't use just the Shepherd documents. But I got a statute that says, and I quote, knowingly manufactures, delivers, or brings into this state, there's three, or knowingly in actual or in constructive possession. There's three. For this particular statute, you could either manufacture, you can be guilty. You can deliver, you can be guilty. You can bring into the state, you can be guilty. You can in actual or constructive possession and be guilty of this statute, and they have different punishments. There's not actually different punishments with regard to conduct, Your Honor. It's with regard to the quantity of the particular substance. That is the same for regardless of the particular substance in the general trafficking statute. When you look at the marijuana portion, it's one years, three years, five years, based on quantity. When you look at the cocaine and heroin, it is three years, five years, and 10 years based on the quantity. Under Apprendi, we know for sure that quantity is an element because there is a different punishment based on a different amount of quantity, and a jury must unanimously find that quantity. If I look at simple possession that he was convicted of, that wouldn't be an aggravated felony. That's correct, because there is no federal felony for simple possession regardless of the quantity. So, under this statute, Idaho statute, he could have been convicted of a non-aggravated felony. Precisely because the conduct is indivisible. We're really then looking at whether we can get to the modified categorical approach. What I'm really looking at, going back to divisibility, if I look at just BA2, BA2 itself does not contain a trafficking element. Therefore, it cannot categorically be an aggravated felony on a categorical comparison. So I have to go not only to BA2, but I have to go to A. BA2 would punish simple possession. All of these give me the idea that this statute is divisible, and I'm trying to move you. Even if I get to the modified categorical approach, you lose. I understand, Your Honor. It is a disjunctively phrased statute. It does use or.  How about we move on, assume for the moment now that it is divisible, and let's talk about whether we've got sufficient stuff under Shepard, because I think we don't. That's a hint. Okay. So, if the statute is divisible, the court may seek recourse to the Shepard documents in the record of conviction. And the only Shepard document here is the indictment. The indictment is not expressly incorporated into the judgment of conviction, and that casts sufficient doubt on the nature of the evidence. I'm even reading the indictment, and it says, count one, that the defendant, Lopez Villa, did knowingly and unlawfully deliver and or represent that he was delivering, 28. I don't even see represent in the statute. So I think he's just been indicted for something that's not a crime under Idaho law, and he pled to it. I'm over. I'm finished. It's entirely plausible, Your Honor. Well, not only that, but I guess I'm trying to look at it. If I get the indictment, and I read it as Judge Fletcher has, and then I have the judgment, it just says the statute with all the elements. It has manufactures, delivers, brings in the state. It has all of the elements. If I go to the amended judgment, it has all the elements. I don't know what, in fact, he pled to. And that is part of the basis of the Petitioner's Appeal? There's no transcript of the plea colloquy, right? That's correct. It's not introduced by the DHS. Is there any other memorialization of the basis of the plea? Not to my knowledge, Your Honor. Well, if there's an absence of evidence, the government can't prove it, right? That's correct. And so I don't think I even need to get to the Moncrief-Young problem. That is precisely correct, Your Honor. Well, that's why I... All right. What about this idea that the York government says Idaho doesn't allow amendments? So I do have to acknowledge that Idaho has different pleading processes, but that I am also aware of instances where this conduct has been charged in what would otherwise be manner, charging all the conduct rather than singling out delivery, for example, as a particular factual basis. Okay. Let's hear from the government because, in my view, the government has just lost, and I'd like to hear their view as to why they haven't. Thank you, Your Honor. And I approach with optimism. Leave him. With that optimism, we're listening. I'm still optimistic. Okay. Let's start with the judgment. That was Judge Smith's concern. You said that it recited manufacturer, deliverer, all that. I don't think the judgment did. The judgment just says trafficking and cocaine. I know, but, I mean, the trafficking and cocaine has all the elements because they're all there under trafficking and cocaine. And that's correct. And that's why we go to... If we find that it's divisible, which the court seems inclined to do, then we go to the modified categorical approach and get to the indictment. But just a minute. We have to match the indictment with the judgments in some way. They have to relate to one another. We have to make sure they will. If they can, and as Judge Fletcher absolutely said, knowing and lawfully delivering and or representing that he was delivering, which isn't even a crime... Right. That is actually case law driven. That is not part of the statute. So he wasn't convicted of something that wasn't a crime in Idaho. That would be unconstitutional. He was... Idaho has developed case law that says that a drug dealer, a trafficker in cocaine, if you will, that goes out with 27 grams of cocaine and says, hey, this is 28 grams. Do you want to buy it? Can still be convicted for trafficking and cocaine, even though he shortchanged his buyer. So it's case law created that a defendant can still be convicted of trafficking and cocaine and 28 grams or more, even though he represented that it was 28 grams, but it didn't weigh that when they actually got it on the scale. Well, the question then, the big question for me was, if I think about trafficking, it can be any one of these elements, and I'm only getting there and, frankly, helping the government's case by getting there, by saying the statute is divisible, then how am I to determine what he was really convicted of? Well, under Idaho case law and this court's case law, you plead guilty to all the elements of a charging document. So under Idaho case law, you plead guilty to all the facts in the indictment. It's not like a People v. West plea in California. That isn't what the judgment says, though. The judgment just says trafficking. It says he could have pled guilty to possession. He would still have pled to all the elements in the statute. He would have pled guilty to all the elements of the charging document. So we know by looking at the charging document that he pled guilty to delivering. But this is not just sort of an empty formality of magic words. We've got nothing here where he says, I plead guilty as charged. All we know is that he pled. Right. As charged, we're missing. But if you look at Idaho case law, they're pretty clear in that, first of all, they don't allow constructive amendments. You have to go to trial on the indictment or the state needs to go back to the grand jury. You either have the good luck or the bad luck to be appearing before a very experienced Idaho judge. Which, not me. Right, that's me. And the problem that I have with it is when I read through it, and I saw what was there, I cannot tell what he pled to. Because you can charge an indictment for trafficking, and in this particular instance it's delivering and or representing that he was delivering, and you can make a judgment as to trafficking, and you don't know what he was really convicted of. Because you can convict him of manufacturing, delivering, bringing into the state, or knowing in the actual or constructive possession. And I don't know. And I tried to find something to give me some indication. It seems to me that if I'm going to follow my case law, it is not clear, and therefore I have to make a link, and that must be clear and convincing, and it doesn't seem clear and convincing. Well, the heading on the judgment of the conviction, in the amended judgment, says that he pled guilty to one count. And the count that he... He pled one guilty to one count of possession. But that would have charged a different crime. No, it would be the same crime. It's just a different element. So he pled guilty to trafficking in cocaine. He pled guilty under Idaho law to all the facts listed in the charging document. And all the facts listed in the charging document is that he delivered cocaine. So we know that he pled guilty to the one count of delivering cocaine. Therefore, if he had to, under Idaho law, plead guilty to all the facts in the charging document, we know that he pled guilty to delivering cocaine. So trafficking by delivery. I understand your argument. Whether or not you agree, yes. If you heard that. And if the Court doesn't have any other questions, it seems that that was the reason I'm here today. Okay, thank you. Sometimes you can snatch victory, defeat out of the jaws of victory. Understanding, Your Honor. The only case I would like to draw the Court's attention to is that which was brought up in one of the 28J letters, which is the Idaho Supreme Court's decision in February 2016, State v. McIntosh, and I have the citation if you'd like it. It's 368 Pacific 3rd, 621. That was in your 28J letter, right? That's correct, Your Honor. Thank you. And if there are no further questions, I'll pass. Thank you. Thank both sides for your arguments. Lopez Villa v. Lynch, submitted for decision.
judges: W. Fletcher, Fisher, N.R. Smith